UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PHILLIP SCOTT LADER,                )
                                    )
        Petitioner,                 )   3:05-cv-0568-RLH-VPC
                                    )
vs.                                 )   **ORDER**
                                    )
DON HELLING, *et al.*,              )
                                    )
        Respondents.                )
_____/

        Before the court is respondents' motion to vacate stay and reopen proceedings and motion to dismiss (ECF No. 53). Petitioner has not responded to the motions and respondents filed notice with the court that petitioner's last known address is no longer valid. ECF No. 55.

        These proceedings were stayed on February 7, 2008, on petitioner's motion pending exhaustion of his claims in state court. ECF No. 45. The order granting the stay imposed certain requirements on the timeliness of the proceedings in state court, including requiring petitioner to commence the state court proceedings within sixty days of the entry of the order granting the stay and returning to reopen these proceedings within sixty days of the Nevada Supreme Court's remittitur on appeal. *Id.* According to the order, respondents were granted leave to move to reopen the proceedings if petitioner failed to comply with the court's order. *Id.* It appears that those circumstances have arisen and respondents so move.

        Respondents advise the court, with supporting documentation, that petitioner has failed to initiate his state court proceedings according to the statutory requirement. Instead, he filed a habeas

petition directly with the Nevada Supreme Court on April 4, 2008.  Exs. 3, 4 and 6.[1]  Remittitur in those proceedings issued on July 1, 2008.  Ex. 7.  Petitioner has not moved to reopen these proceedings and respondents advise the court the he was released from prison on parole in June of 2009.  His sentence was discharged on March 22, 2011.

Respondents move to dismiss this action for petitioner's failure to prosecute, failure to obey the court's order and because petitioner has violated the local rules of practice in failing to keep the court advised of his current address.  *See* Local Rules of Special Proceedings (LSR) 2-2.

The court has inherent authority to manage its own docket and to enforce its orders and the rules of court.  *See Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986); *see also Ferdik v. Bonzelet,* 963 F.2d 1258, 1260-61 (9th Cir. 1992); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th cir. 1998).  The interests of justice are not served by a docket which is crowded with actions that are no longer being actively prosecuted. Moreover, enforcement of the rules of the court maintain order, efficiency and fairness.  Petitioner has failed to prosecute this action and he has not kept the court advised of his whereabout.  Therefore, the respondents' unopposed motions will be granted.

Should petitioner wish to appeal this decision, he must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1;  *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484).  In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that

---

[1] The exhibits referenced in this order were submitted by respondents in support of the instant motion. They are found in the court's docket at ECF No. 54.

the questions are adequate to deserve encouragement to proceed further. *Id.*

Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). This court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The court will therefore deny petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that respondents' motion to reopen and to dismiss (ECF No. 53) is **GRANTED**. The clerk shall reopen the action.

**IT IS FURTHER ORDERED** that the petition is **DISMISSED WITH PREJUDICE**. No certificate of appealability shall issue.

The clerk shall enter judgment accordingly.

Dated this 9th day of July, 2013.

_____
UNITED STATES DISTRICT JUDGE